IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN RAY RICHARDSON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | C.A. No. C-06-319 |
| | § | |
| JOE D. DRIVER, WARDEN, | § | |
|     Respondent. | § | |

**AMENDED MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

    Petitioner Steven Ray Richardson is an inmate incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 20, 2006. (D.E. 1, at 13). He also filed supporting documentation, (D.E. 13, 14, 15), which included further support for his petition, as well as copies of his previous challenges to his conviction and sentence. On November 9, 2006, respondent filed a response to petitioner's habeas application, and a motion to dismiss for want of jurisdiction. (D.E. 24, 25). Petitioner filed a response to respondent's motion on December 7, 2006. (D.E. 26, at 7).

    For the reasons set forth herein, it is respectfully recommended that the respondent's motion to dismiss be granted, and that the petition be denied.

## I.  BACKGROUND

On January 8, 2002, an indictment was filed in the Waco Division of the Western District of Texas, charging petitioner with two counts of unlawful possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  (DR 3).[1]  On February 12, 2002, a superseding indictment was filed, which charged petitioner with a third count, conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846.  (DR 16).  On March 21, 2002, petitioner pleaded guilty to the first count of the superseding indictment, and his guilty plea was accepted by the court.  (DR 28, 29, 30).  On June 11, 2002, he was sentenced to 225 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and was also ordered to pay a $1,000 fine and $100 special assessment.  (DR 46, 48).

Petitioner did not file a direct appeal challenging his conviction and sentence.  Instead, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on February 21, 2003.  (DR 65).  In this motion, he challenged his conviction based on ineffective assistance of counsel, which allegedly resulted in an involuntary plea of guilty and a failure to file objections to the pre-sentence

---

[1] "DR" refers to the docket report from the United States District Court located in Waco, Texas, in Criminal Case No. 6:02-CR-12-WSSM-1.  DR is followed by the relevant docket entry number.

investigation report. (DR 76, at 2); (D.E. 1, at 2). He also claimed that the amount of contraband listed in the indictment and in the factual basis for his guilty plea was different than the amount that was stated in the pre-sentence investigation report. Id. He further claimed that he requested that his counsel file an appeal, but that counsel failed to do so. Id. The court denied his § 2255 motion on February 6, 2004. (DR 76, 77).

On January 13, 2006, petitioner filed a motion for authorization to file a successive § 2255 motion with the Fifth Circuit. (D.E. 13, at 4). In an order issued on February 8, 2006, the Fifth Circuit denied his motion, stating that United States v. Booker, 543 U.S. 220 (2005), "is not a ground for filing a successive § 2255 motion." In re Steven Ray Richardson, No. 06-50063, at *1 (5th Cir. Feb. 8, 2006) (per curiam) (unpublished) (citing In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005)). The Fifth Circuit found that petitioner failed to establish that his claims were based on "newly discovered evidence" that would establish his innocence, or "a previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review." Id. at *1-2 (citing 28 U.S.C. §§ 2244(b)(3)(C), 2255).

Following the denial of his motion for authorization to file a successive § 2255 motion, petitioner filed this habeas application pursuant to 28 U.S.C.

§ 2241. (D.E. 1). Petitioner's application invokes this Court's jurisdiction pursuant to 28 U.S.C. § 2241 through the savings clause in 28 U.S.C. § 2255.

Respondent has filed a response and a motion to dismiss for lack of jurisdiction. (D.E. 24, 25). He argues that the relief sought by petitioner is properly brought in a § 2255 motion, and that his claims do not fall within the savings clause of that statute.

## II. PETITIONER'S ALLEGATIONS

Petitioner is challenging the validity of his sentence. He argues that he is being held in violation of his Fifth and Sixth Amendment rights because the United States District Court for the Western District of Texas was not authorized to sentence him to 225 months in prison. He claims that because a sentencing enhancement, and hence his sentence, was improperly imposed, respondent does not have lawful custody of him. (D.E. 1, at 4). He further claims that his "sentence was a result of a structural error in sentencing." Id.

## III. DISCUSSION

A.   **The Interplay of § 2255 and § 2241.**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence. Section 2241 is used to

4

> attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255. Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective.
>
> We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or ineffective. [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (emphasis in original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

Thus, a § 2241 petition, which attacks errors that occurred at trial or sentencing, must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452. There is an exception to this rule, however, as discussed in Tolliver. Specifically, a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255. Tolliver, 211 F.3d at 878.

The savings clause of § 2255 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion

>pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial, or sentencing in a petition filed pursuant to § 2241.  The Fifth Circuit has explained the test as follows:

>[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  Under these circumstances, it can be fairly said, in the language of the savings clause, that "the remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention."  Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

<u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001) (emphasis in original) (citing <u>Pack</u>, 218 F.3d at 452).  Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.  <u>Id.</u> at 901 (citing <u>Pack</u>, 218 F.3d at 452; <u>Kinder v.</u>

Purdy, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under AEDPA. Pack, 218 F.3d 452-53 (citations omitted). Similarly, the procedural barrier or a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. Id. at 453.

**B.    The Savings Clause of § 2255 is Inapplicable to Petitioner's Claims.**

Petitioner argues that his claims fall within the savings clause because they rely on a retroactively applicable Supreme Court decision, Booker. See generally (D.E. 1, 13, 14, 15, 26). However, his argument is foreclosed by the Fifth Circuit's recent decision in Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) (per curiam), and as the Fifth Circuit itself stated in denying petitioner's motion for authorization to file a successive § 2255 motion, also by In re Elwood, 408 F.3d at 213.

Analogous to petitioner's claims here, the petitioner in Padilla sought relief pursuant to § 2241, arguing that his claims fell within the savings clause of § 2255. He argued that the sentencing court had improperly enhanced his sentence by two levels for possession of a deadly weapon, because the enhancement was unconstitutional under the Supreme Court's decisions in Booker, and its

7

predecessor, Blakely v. Washington, 542 U.S. 296 (2004). Both cases were decided after his sentencing.

The district court determined that the appropriate vehicle for Padilla's claims was a § 2255 motion, construed his petition as a § 2255 motion, and dismissed the petition as "second or successive." Padilla, 416 F.3d at 425. On appeal, the Fifth Circuit held that in order to show that his claims fell within the savings clause, the petitioner had to show that he was asserting an actual innocence claim

> (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. at 426 (quoting Reyes-Requena, 243 F.3d at 893).

In addressing Padilla's Booker claim, the Fifth Circuit first noted that his claim challenging the enhancement of his sentence failed to satisfy the first Reyes-Requena prong because Booker's holding is not retroactively applicable to cases on collateral review. Padilla, 416 F.3d at 427. Moreover, the sentence enhancement, even if violative of the general principles of Booker, did "not demonstrate that Padilla was convicted of a nonexistent offense and has no effect on whether the facts of his case would support his conviction for the substantive offense." Id.

8

Similarly, petitioner's conclusory allegations that his sentence was improperly enhanced do not demonstrate that he was convicted of a nonexistent offense. All of his claims attack proceedings before and during sentencing. Thus, he seeks relief that is available not pursuant to § 2241, but pursuant to § 2255. His petition recognizes this, but he argues that his claims fall within the savings clause of § 2255, and thus may be brought in a § 2241 motion. See generally (D.E. 1, 13, 14, 15, 26). He asserts that he "has clearly made colorable claims of factual innocence since the start of his first 2255 Motion [sic]. By the facts and all exhibits presented, the ends of Justice Principle [sic] allows the Petitioner repetitive review, even when prior determination was on the merits of his previous Motions." (D.E. 1, at 5).

It is respectfully recommended that there appears to be no meaningful distinction between Padilla and petitioner's case that warrants a different result here. As with the petitioner's claims in Padilla, the claims in this petition appear not to satisfy the first prong of Reyes-Requena. In addition, as noted by the Fifth Circuit when denying petitioner's motion for authorization to file a successive § 2255 motion, Booker, which forms the basis of petitioner's claims, does not apply retroactively. Thus, it is respectfully recommended that the Court find that petitioner's claims do not entitle him to proceed under the savings clause.

**C.      Federal Court Jurisdiction Pursuant to § 2255 Motion.**

Where a petitioner is not entitled to proceed under the savings clause and § 2241, it is appropriate for the court to construe his petition as a motion pursuant to § 2255.  <u>Pack</u>, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.").  Thus, it is respectfully recommended that petitioner's motion is properly construed as a § 2255 motion.

Construed as a § 2255 motion, the Court must determine whether jurisdiction properly lies in this Court.  Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added).  Pursuant to § 2255, motions must be filed in the court where the sentence or conviction being challenged was imposed.  See <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1132 (5th Cir. 1987).  Because petitioner is challenging a sentence imposed by the Western District of Texas, any

§ 2255 motion should be filed there.[2]

Accordingly, it is respectfully recommended that if petitioner's application is construed as a § 2255 motion, the Court find that jurisdiction over petitioner's § 2241 petition is not proper in this district, and that his claims should be dismissed for want of jurisdiction.

### IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the respondent's motion to dismiss for want of jurisdiction, (D.E. 25), be granted, and that petitioner's petition for relief pursuant to 28 U.S.C. § 2241 be denied.

Respectfully submitted this 11th day of January 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[2] It is respectfully recommended, however, that construed as a § 2255 motion, petitioner's motion is likely a "second or successive" motion. See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (a motion is "second or successive" when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.") (emphasis added) (citation omitted).  This recommendation is further supported by petitioner's actions seeking authorization to file a successive § 2255 motion, which the Fifth Circuit did not allow.  Petitioner is required to seek and acquire the approval of the Fifth Circuit before filing a second or successive § 2255 motion.  See Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).